[S. F. No. 127.   Department Two.—June 4, 1896.]

## JEAN BARRERE, RESPONDENT, v. P. G. SOMPS, APPELLANT.

ASSUMPSIT—PLEADING—COMMON COUNT—MONEY DEPOSITED FOR USE OF PLAINTIFF—SPECIAL CONTRACT—PLEDGE—VARIANCE.—While the common counts are in some cases sufficient under the code, they are insufficient in those cases where they were insufficient under the old system of pleading; and an action of *assumpsit* for money deposited with the defendant for the use of the plaintiff will not lie where the money was deposited by way of pledge as security for the performance of a special contract in writing, which is still open and unexecuted in part, and not rescinded by mutual consent, but, in such case, it is necessary to declare specially upon the written contract; any modification thereof and proof of such special contract under the common count is a material variance, and a motion for a nonsuit should be granted therefor upon the ground that the cause of action alleged in the complaint is not proved and that the allegations and proofs do not agree.

ID.—NATURE OF CONTRACT IMMATERIAL.—It is immaterial whether the written contract should be construed as one of employment or one of purchase and sale, where the money sued for was deposited as security for the performance of the contract, and was applicable to whatever relation was in fact created by it, and covers every injury the defendant may have suffered from failure of the plaintiff to perform it.

CXIII. CAL.—7

ID.—AGREEMENT TO RETURN PROPERTY IN GOOD CONDITION.—Where the
written contract or pledge expressly provided that the money deposited
was "to secure the return of all property hired by said party of the
second part as aforesaid, in good order and condition," and it appears
that the plaintiff had not returned such property, effect must be given
to such express provision, and the plaintiff is bound by the terms of
the contract, and can urge that it is a hardship to be compelled to pay
for losses not attributable to his want of ordinary care.

ID.—INTEREST ON DEPOSIT.—Interest on money deposited as security is not
recoverable from the date of the deposit, but can be allowed only on
such sum as plaintiff may be entitled to recover, after the refusal of a
lawful demand for its repayment.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco and from an
order denying a new trial. A. A. SANDERSON, Judge.

The facts are stated in the opinion.

*Gordon & Young,* for Appellant.

The contract and any modification thereof should
have been specially pleaded. (*O'Connor* v. *Dingley,* 26
Cal. 22; *White* v. *Soto,* 82 Cal. 654; *Dermott* v. *Jones,* 2
Wall. 6, 7; *Daley* v. *Russ,* 86 Cal. 115.) The variance
was material, and the nonsuit should have been granted,
as plaintiff can only recover upon the cause of action
alleged, and not upon another cause of action developed
in proof. (*Mondran* v. *Goux,* 51 Cal. 153; *Reed* v. *Norton,*
99 Cal. 619, 620; *Owen* v. *Meade,* 104 Cal. 182; *Bryan* v.
*Tormey,* 84 Cal. 130.)

*Naphtaly, Freidenrich & Ackerman,* for Respondent.

There was no contract for hiring, but only one of em-
ployment. (*Heryford* v. *Davis,* 102 U. S. 235.) But
either as an employer or hirer plaintiff was only required
to use ordinary care. (Civ. Code, secs. 1928, 1978.)
Interest was properly allowed as compensation for the
use of the money. (Civ. Code, sec. 1915.)

HAYNES, C.—The allegations of the complaint in this
action are as follows:

"That the defendant is indebted to the plaintiff in
the sum of five hundred dollars, United States gold

coin, heretofore deposited by plaintiff with the defend-
ant, to and for the use of this plaintiff, and which said
sum the defendant promised to repay to plaintiff, on
demand; that, although thereto requested, defendant
has neglected and refused, and still neglects and refuses,
to pay over the said sum of five hundred dollars to this
plaintiff." The prayer was for judgment for said sum,
with interest and costs.

A general demurrer to the complaint was overruled,
and the defendant answered, and, 1. Specifically denied
the several averments of the complaint; 2. Alleged the
deposit of said sum under an agreement in writing exe-
cuted by the parties to the action, a copy of which is
attached to the answer, and which is as follows:

### EXHIBIT A.

"This agreement, made this 28th day of September,
1890, between P. G. Somps, of San Francisco, the party
of the first part, and Jean Barrere, of the same place,
the party of the second part, witnesseth: "Said party of
the second part does hereby agree to purchase soda
water from said party of the first part at the rate of
seventy-five cents per dozen, and to resell the same; and
said party of the first part does hereby guarantee to
said party of the second part at least twenty dollars per
week profit on such resales made by him, provided said
party of the second part devotes his whole time to this
business.

"And in consideration of said party of the second
part purchasing from said party of the first part exclu-
sively all soda water to be resold by him, said party of
the first part does hereby hire unto said party of the
second part horses and wagon and necessary syphon
bottles for facilitating the sale of soda water.

"The party of the first part shall have the right to
terminate this contract at any time, but said party of
the second part cannot terminate it except on thirty
(30) days' notice; and, at such termination, said party
of the second part does hereby agree to make a full dis-

closure of the names and addresses of all his customers to said party of the first part.

"And as security for the faithful performance of his part of this contract, and to save and hold harmless said party of the first part from all damages arising by or through the acts of said party of the second part, and to secure the return of all property hired by said party of the second part, as aforesaid, in good order and condition, said party of the second part does hereby deposit with said party of the first part the sum of five hundred dollars.

"In witness whereof the parties hereto have hereunto set their hands and seals this day of September, 1890.

P. G SOMPS,<br>JEAN BARRERE.

"Witness: T. Carrolot."

The second defense, after alleging the substance of the contract, alleged that plaintiff received from the defendant, under said agreement, one horse of the value of one hundred and twenty-five dollars, one wagon, and one hundred and sixty bottles of the value of one dollar each; that plaintiff failed to return said horse and said bottles, and damaged said wagon while in his possession to the extent of ninety-seven dollars and fifty cents, and on the termination of said contract failed and neglected to disclose to defendant the names and addresses of his customers, whereby said customers were lost to defendant, to his damage in the further sum of five hundred dollars, and stated the aggregate of his damages at eight hundred and eighty-two dollars and fifty cents. The same facts were also alleged by way of counterclaim.

A jury trial was had, and a verdict returned for the plaintiff for said sum of five hundred dollars, with interest from September 28, 1890, the date of said agreement, and defendant appeals from the judgment entered thereon, and from an order denying his motion for a new trial.

The plaintiff was called and examined as a witness on his own behalf, and, during his examination in chief, he

testified that when he entered defendant's employment, he paid him five hundred dollars. His counsel then asked him: "What was the understanding with reference to that?" Counsel for defendant objected on the ground that the contract under which the payment was made is in writing, and speaks for itself. It was then admitted that the copy of the contract attached to the answer was correct, and it was read in evidence by the plaintiff, his counsel contending, however, that it was a nullity, and "was never lived up to by the parties." After testifying to the route or district in which he was to sell soda water, and that he was paid twenty dollars per week without regard to the quantity sold, he said: "I deposited five hundred dollars with him." His counsel then asked the following question: "You left this money there as security, did you?" Defendant objected to the question upon the ground that it was irrelevant, immaterial, and incompetent under the pleadings; that if the plaintiff could sustain his action at all it must be upon the claim that he gave Mr. Somps five hundred dollars, and that it had not been returned; that if plaintiff seeks to recover by reason of his compliance with the provisions of a contract he has failed to bring any such action." Defendant's objection was overruled, and he excepted.

The same question was again made by the defendant by motion for a nonsuit, the plaintiff having rested at the conclusion of his examination. In his motion for a nonsuit counsel for defendant contended that there was a variance between the pleadings and proofs; that plaintiff should have pleaded the contract and the modifications of it. This motion was denied, and defendant excepted.

While the common counts are in some cases sufficient under the code, it is safe to say they are insufficient in those cases where they were insufficient under the old system of pleading. "Where a special contract is still *open,* and has not 'been rescinded by *mutual consent,* it is necessary to declare specially." (1 Chitty on Pleading, 368.) This is not a case where a promise to repay upon

demand is implied from the mere fact of a deposit. Here the money was deposited under a special contract as security for its performance by the plaintiff, and is therefore a pledge. "A depositary is not bound to deliver a thing deposited without demand, even where the deposit is made for a specified time" (Civ. Code, sec. 1823); and "A depositary must deliver the thing to the person for whose benefit it was deposited on demand, . . . . unless he has a lien on the thing deposited." (Civ. Code, sec. 1822.) Something more than a demand was therefore necessary. The question whether the plaintiff had returned all the property in good order and condition, and whether he had made full disclosure of the names and addresses of his customers, and had faithfully performed his contract, were matters which, by the terms of the contract, were to precede its termination, and, until these matters were settled or adjusted, the contract remained, though as to the sale of the soda water it had ended. The very purpose of the deposit remained open and unadjusted, and the respective liabilities of the parties disputed and unsettled. Therefore, under the common-law system of pleading, the common count was not sustained by the evidence offered by the plaintiff, and much less has he complied with the code system which requires him to allege every material fact which it is necessary for him to prove upon the trial. Under either system his allegations and proofs must agree, and it is not sufficient that his evidence discloses *a* cause of action against the defendant, unless it be *the* cause of action he has alleged in his complaint. The first defense pleaded by the defendant denied specifically each material allegation of the complaint, and that defense was certainly as efficient to raise the question of variance as the denial under the old system, that the defendant "did not promise in manner and form as in the declaration is alleged," which put in issue not only the promise, but all the facts alleged. Conceding, for the purposes of this opinion, that the common count is a sufficient complaint for the

recovery of an ordinary deposit or bailment—not upon condition—and upon which an implied promise arises to repay upon demand, the evidence introduced by plaintiff showed an entirely different transaction, whatever may be the true construction of the contract between the parties.

The contention of plaintiff that the contract created only the relation of employer and employee, and not that of vendor and vendee as to the soda water, and that he was not a hirer of the horses, wagons, and syphon bottles, is immaterial so far as the questions above considered are concerned, as the security provided for in the contract was applicable to whatever relation was in fact created by it, and covered every injury the defendant may have suffered from the failure of the plaintiff to perform it.

The conclusion we have reached renders a reversal necessary, and relieves us from the necessity of considering other questions made by appellant except so far as they may arise upon a new trial.

1. Interest on the deposit is not recoverable from the date of the deposit. The deposit was a condition upon which the contract was entered into, and, in the absence of a special provision in the agreement that defendant should pay interest, the profits or compensation plaintiff was to receive under the contract covered and included any incidental benefit the defendant may have received from its use until it became payable to plaintiff; but the plaintiff is entitled to interest upon the amount he may be entitled to recover, from the date of his demand for repayment.

2. Whether the terms of the agreement and the conduct of the parties thereunder constituted the relation of vendor and purchaser of the soda water, or that of employer and employee, is of little importance, as there appears to be no controversy between the parties as to profit or compensation; and, as to plaintiff's liability for the loss of the horse and bottles and injury to the wagon, we think it must depend upon the construction

of that provision of the contract relating to the return of the property in good order and condition, and the subsequent conduct of the parties thereunder; for, independently of the contract as to the return of the property, whether plaintiff was a hirer of the property, or an employee for reward, he was bound to exercise ordinary care in its use. (Civ. Code, secs. 1852, 1978; Wood's Master and Servant, sec. 325.)

The court below instructed the jury, in effect, that the written contract was nothing more than an agreement between master and servant, and that it was the duty of the plaintiff, as an employee, to use reasonable and ordinary care in the preservation of his master's property intrusted to him. The construction thus given is that which would have been required if the following clause had been omitted from the contract, viz: "And to secure the return of all property hired by said party of the second part, as aforesaid, in good order and condition, said party of the second part does hereby deposit with said party of the first part the sum of five hundred dollars"; and, therefore, unless this language increases plaintiff's liability beyond that which the law attaches to a bailment for hire, or the responsibility of an employee for the want of ordinary care, its insertion in the contract was idle and meaningless. This cannot be presumed. It was intended to have some effect, and we see nothing in the contract itself, or in the circumstances surrounding the parties at the time it was made, to change the natural meaning of the clause in question. It is not an answer to defendant's contention to say that it is a hardship upon the plaintiff to be compelled to pay for losses not attributable to his want of ordinary care. As was said in *Wilmington Trans. Co. v. O'Neil*, 98 Cal. 5: " Where a party has expressly undertaken, without qualification, to do anything not naturally or necessarily impossible under all circumstances, and he does not do it, he must make compensation in damages, though the performance was rendered impracticable, or even impossible, by some unforeseen cause

over which he had no control, but against which he might have provided in his contract; . . . . and the only qualification or limitation of this obligation by the law is that it would not bind the defendant in case the loss had been caused by the culpable negligence or other wrongful act of the plaintiff." See, also, *Dermott* v. *Jones,* 2 Wall. 6, where it was said: "No matter how harsh and apparently unjust in its operation the rule may occasionally be, it cannot be denied that it has its foundation in good sense and inflexible honesty. He that agrees to do an act should do it, unless absolutely impossible. He should provide against contingencies in his contract."

The judgment and order appealed from should be reversed, with leave to both parties to amend their pleadings.

BRITT, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, with leave to both parties to amend their pleadings.

HENSHAW, J., McFARLAND, J., TEMPLE, J.

Hearing in Bank denied.