## CODE PLEADING AND THE ADOPTION OF THE COMMON LAW FORMULA.

Common Pleas Court of Franklin County.

GEORGE LAPE v. J. F. LINTON.

Decided, October 26, 1910.

*Pleading—Use of the Common Law Count—In Conflict With Correct Principles of Pleading as Established by the Code.*

Where the averments in a petition are in the old form of common count as in assumpsit for work and labor the court may, on motion to strike from the petition, order that the allegations be made definite and certain by stating the facts constituting the cause of action in the manner required by the code.

*H. A. Clarke,* for plaintiff.
*J. A. Godown,* contra.

KINKEAD, J.

The petition in this case avers as follows:

"Plaintiff says that defendant is indebted to him in the sum of $55.70 for work and labor performed by plaintiff for defendant at his request in a livery barn operated by the defendant at No. —— North Fifth street, in the city of Columbus, Ohio, between March 1st, 1910, and April 9th, 1910.

"Defendant promised to pay for said plaintiff's services at the rate of $10 per week, amounting in all to $55.70, and that no part of said sum has ever been paid."

Defendant moves to strike from the petition the entire first paragraph on the ground that it is a legal conclusion. The form of averment is precisely the common law common count in assumpsit.

"In the use of the common counts at common law the legal effect of the facts was stated, and the use of the common count

in assumpsit under the code has been approved by many authorities, such pleading being regarded at least good as against a demurrer in the absence of a motion to make definite and certain, though not to be encouraged." Kinkead Pldg., Section 504*a*; Pomeroy's Code Remedies, Section (542) 436, and authorities cited.

In *McNutt* v. *Kaufman*, 26 O. S., 129, where the common count was used, the court said:

"The pleadings in this case, to say the least, should not be adopted as precedents."

In *Hazen* v. *O'Connor*, 14 O. C. C., 529, it was held that the cause of action may be set out in the form of the common count, but in such case a motion to make definite and certain will be upheld. In the latter case, the circuit court drew the inference from *McNutt* v. *Kaufman, supra*, that the common count is good as against a demurrer.

We ought to conform our pleadings to the rules of our code. Pleading in the form of legal conclusions and by inference is not proper. The averment, "plaintiff says that defendant is indebted," etc., is a conclusion. But, the allegation following, "For work and labor performed by plaintiff for defendant at his request in a livery barn," etc., is a statement of fact, but not in the direct form required by the code, but coupled as it is with the averment that, "defendant is indebted for work and labor performed," it is rather by inference.

The averment that, "defendant promised to pay," etc., is also a conclusion and not a fact.

In the old form of assumpsit at common law, the "promise" was always averred. Under the code it is never proper in this form of action to aver the promise directly, but the terms and conditions of the contract should be stated as facts from which the court may make its deductions.

An examination of the decisions of other states shows that for many years the common count in assumpsit have been uniformly sustained as against a demurrer. And some of the late cases which have been collected by the editor of the last edition of Pomeroy's Code Remedies show that the courts of some states

have, in recent years, still adhered to this form of common law pleading. For instance in *Goodman* v. *Alexander,* 165 N. Y., 289 (1901), was the allegation that, "plaintiff (on certain dates mentioned) furnished and supplied the defendant upon the defendant's request, and implied; promised to pay therefor," which "said board and lodging were necessaries and of the reasonable value of," etc. This complaint was held sufficient, "if it contains allegations which, if alleged in a declaration at common law, would have stated a cause of action for debt for board and lodging, or goods furnished."

The last quoted statement is sound, but it does not touch the form of the allegations above quoted which are, undoubtedly, objectionable from the standpoint of code pleading.

Another precedent to the same effect is *Hatch* v. *Leonard,* 165 N. Y., 435.

In *Thompson* v. *Town of Eldon,* 109 Wis., 589, it was held that:

"A general allegation that the money received by the municipality was used for lawful municipal purposes, so that it had the full benefit thereof, is sufficient upon demurrer. At the most such a complaint would be open to a motion to make definite and certain."

In *Barrere* v. *Somps* (1896), 113 Cal., 97, it is held that the common counts are available in cases where they would have been so at common law.

During all the period of time when this question has been before the courts of the different states, there have been but few of the states which have pronounced such forms of complaint or petition to be in direct conflict with the correct principles of pleading established by the codes. Among them are Minnesota, Oregon and Nebraska. In a recent case in Oregon, *Hamer* v. *Downing,* 39 Ore., 504, the court said:

"Under the code, as construed by this court, the mode of statement employed by the common counts known to the common law is inappropriate and insufficient; it being deemed essential to set out the facts from which the cause of action arises, and the proofs must extend to and comprehend all the items going to the establishment of such an accumulation."

In *Penna. Mutual Life Ins. Co.* v. *Connoughy* (1898), 54 Nebr., the court said:

"That the code of civil procedure requires a pleader to state the facts which constitute the cause of action or defense in ordinary and concise language; and the practice of putting a common count in a pleading is one not contemplated by the code."

In California, though the common counts have been sustained, it is said in *Minor* v. *Baldridge* (1898), 123 Cal., 187:

"The mode of pleading is inconsistent with our code, and it may be a matter of regret that it was ever tolerated, but the innovation is not so great if such complaint must fall before a special demurrer, which is like a motion to require a pleader to make his pleadings more definite, which prevails in some states."

I quite agree with the expression in the opinion of the court in *Pioneer Fuel Co.* v. *Hager*, 57 Minn., where the court said:

"We are of the opinion that the courts in the code states have sacrificed the principles of code pleading more than they ought to have done in adopting this common law formula at all and we should not outdo the common law itself by reducing the formula still more in conflict with code principles."

This expression was used with reference to the attempt made in that case to plead in the common law form of *indebitatus assumpsit*, the pleader falling short of even the common law requirements.

It is difficult to perceive how a conclusion can be reached that facts have been alleged in a petition such as the one involved in this case, when it is in the form of conclusions and allegations by inference. The motion of the defendant, however, is to strike out the principal allegation in the petition, which is not the proper form of raising the objection.

The order of the court, however, is that the plaintiff be required to set forth the facts constituting his cause of action in the manner required by the code; that is, he should set forth the terms of the contract for service made between the parties, and the work that was done in pursuance thereof.

Leave is granted to amend within rule.