[Civ. No. 1820.    Second Appellate District.—May 12, 1917.]

## J. A. BEALL, Respondent, v. BEKINS VAN AND STORAGE COMPANY (a Corporation), Appellant.

CONTRACT FOR SHIPMENT OF GOODS—DELAY CAUSED FROM LACK OF CRATING—DESTRUCTION BY FIRE—LIABILITY FOR LOSS.—Where a van and storage company in the delivery of certain household effects to a railroad company for the purpose of shipment, neglected to crate certain portions of the goods, as required by its contract, in time to get the goods in the freight depot before it closed for the day, and thereupon stored them in one of their warehouses for safekeeping overnight, and the warehouse was destroyed by fire before the next morning and the goods with it, the company is liable for the value of such goods.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Cabaniss, Judge presiding.

The facts are stated in the opinion of the court.

R. T. Lightfoot, for Appellant.

James W. Bell, for Respondent.

WORKS, J., *pro tem.*—This is an appeal from the judgment and from an order denying a motion for a new trial.

Appellant and respondent entered into a contract pursuant to which the latter delivered to the former, in two separate lots, certain goods and household effects, all of which were to have been shipped, at the same time, to Lillis, California. On the day that the Van and Storage Company received the second lot of goods it did not deliver them, together with the first lot, to the Southern Pacific Company, as Beall claims it was its duty to do, but stored them in its warehouse for safekeeping overnight. The warehouse was destroyed by fire before the next morning and Beall's property with it. This action was brought to recover the value of the articles and judgment went for Beall.

Under certain very general specifications of particulars, to the sufficiency of which respondent objects, appellant claims that the findings are not supported by the evidence. No one finding is pointed out as lacking such support, but the assault is upon them in general. There are twenty-eight findings and but four specifications of particulars. The language of each of the latter it is most difficult to apply to any finding or findings. Notwithstanding such a situation, we have endeavored so to construe the specifications as to give appellant a hearing on the merits, in accordance with the more recent rulings on the subject of the sufficiency of specifications of particulars. (*American Type Founders' Co.* v. *Packer*, 130 Cal. 459, [62 Pac. 744]; *McEwen* v. *Occidental Life Ins. Co.*, 172 Cal. 6, [155 Pac. 86]; *Pacific Gas & Elec. Co.* v. *Rollins*, 32 Cal. App. 782, [164 Pac. 53].)

Whatever may be said of the specifications of particulars, the argument of appellant is directed at two of the findings, not by number, but in effect. The propriety of these, under the evidence, may be considered together. They are, collectively, to the effect that appellant contracted with respondent to pack the goods in such condition as they were required to be put in for shipment, and that respondent relied upon appellant so to do. Beall was the only witness who testified to the terms of the contract, which was made over the telephone by him and one of the company's representatives. Beall says, in part: "He suggested that the goods ought to be crated. I told him I supposed they ought, but I would leave it to him. He said they would send out that day and get the

goods to be crated, . . . which they afterward did." And again, "that day they came out and got the articles that they decided needed crating." This was on Thursday and Beall was to have the remainder, or second lot, of goods ready for a trip of appellant's vans on Monday, the day the shipment was to be made; but, according to the effect of Beall's testimony, those were the articles, only, which appellant had decided need not be crated, although Beall does use the word "pack" as describing what he was to do with them. The two findings are supported by the evidence.

The trial court found that "the defendant expressly agreed and undertook to have the goods in transit, and to deliver them to the connecting carrier on Monday, October 9, 1911." This particular finding is not attacked, but the contention is made that delivery to the railway on Monday was excused, and a deposit of the goods in the warehouse that night was necessitated by the fault of Beall. This particular question relates to what we have called the second lot of goods. They were delivered at appellant's warehouse by its vans between 2:30 and 3 in the afternoon of Monday. The evidence shows that the Southern Pacific Company does not receive freight at its Los Angeles station after 4:35 each day. When the second lot of goods reached the warehouse it transpired that there were two uncrated trunks in the load, and the evidence shows that the railway does not receive trunks for shipment as freight unless they are crated. Appellant proceeded to crate the trunks in question, and its witnesses testified that the delay incident to the work prevented the delivery of the shipment at the railway station before the freight depot was closed for the day. All of Beall's goods were then deposited in appellant's warehouse for the night. The appellant contends that the trunks should have been delivered to it by Beall already crated, that he was therefore responsible for the delay and caused the detention at the warehouse. The answer to this position is that the trial court properly found that appellant had agreed to pack the goods for shipment. When the vans took from Beall on Thursday such of the articles as, to quote him again, "they decided needed crating," they should have taken the trunks with the other articles selected by them.

Because of the delay occasioned by the preparation of the trunks for shipment, and the consequent detention at the

warehouse, and as it was stipulated at the trial that the fire was not caused through negligence, appellant asserts that the question of its liability should be measured by the law affecting warehousemen instead of carriers, and many authorities are cited to propositions distinguishing the two. We need not enter into a discussion of the merits of this contention. It has no application to the actual case. Enough has been said to show that appellant contracted to specially prepare for shipment such portion of Beall's goods as needed such preparation, and to deliver the entire lot of goods to the railway on Monday. Whether it acted as a warehouse-keeper or as a carrier, it did not comply with its agreement, and its failure to comply was the proximate cause of the damage to respondent.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.