[Civ. No. 145.   Fourth Appellate District.—February 24, 1931.]

E. A. KLEIN et al., Respondents, v. C. FRED BAKER, Appellant.

Borton & Petrini for Appellant.

Miller & Thornton for Respondents.

MARKS, J.—Respondents brought this action in the court below to recover from appellant the value of household furniture, family stores and provisions and personal effects which were destroyed by fire while being transported in trucks by appellant from the city of Bakersfield to the city of Hollywood, California. The complaint contains three separate causes of action. The first is based upon an express contract between E. A. Klein and Ethel Klein, his wife, and appellant to transport the goods and deliver them

to the Kleins in Hollywood. The second cause of action is based upon the statutory liability of appellant as a common carrier of goods for hire. No point is raised by either party under the third cause of action and it need not be considered here.

The evidence discloses that the Kleins were the owners of household furniture, wearing apparel and personal effects which they desired to have appellant transport for them. It is alleged that this property was of the reasonable value of $10,500. The respondent, Continental Insurance Company, had issued and delivered its policies of fire insurance upon this property in the amount of $3,500, which amount it paid to the Kleins. By its contract it was subrogated to the rights of the insured to this amount. Judgment was rendered in its favor for $3,500. The Kleins recovered nothing.

Appellant earnestly urges that the judgment must be reversed because the trial court failed to find upon the issue presented by the pleadings of whether or not appellant was a common carrier. He maintains that if he was a common carrier the measure of damages suffered by respondents would be governed by the provisions of section 2200 of the Civil Code which would reduce the amount of the recovery of respondents to a sum much less than that awarded in the judgment.

We have examined the evidence in this case and have concluded, that, had the trial court found that appellant was a common carrier such finding would not be supported by the evidence. In December, 1925, appellant filed an application with the Railroad Commission whereby he sought permission to operate as a common carrier under the jurisdiction of the commission. From this application it appears that he was engaged in conducting the business of hauling household goods and personal effects by motor-trucks "anywhere for hire". His motor vehicles did not travel upon regular routes nor between established termini. From his petition it does not appear that his business was anything more than the hauling of household goods and personal effects upon private contracts with the owners as and when the opportunity presented itself. His application was denied by the Railroad Commission. There is no other evidence in the record of the nature of his business

except the transportation of the goods in question which appears to have been undertaken upon a special contract and not as part of regular freighting business over a fixed route or upon any schedule between Bakersfield and Hollywood.

In the case of *Associated Pipe Line Co.* v. *Railroad Com.,* 176 Cal. 518 [L. R. A. 1918C, 849, 169 Pac. 62, 63], a common carrier was defined as follows: "In his work on Carriers, Mr. Moore, at page 20 (volume 1), defines a common carrier as one who 'holds himself out as such to the world; that he undertakes generally and for all persons indifferently to carry goods and deliver them for hire; and that his public profession of his employment be such that if he refuse, without some just ground, to carry goods for any one, in the course of his employment and for a reasonable and customary price, he will be liable to an action.' It is one who offers to carry goods for any person between certain termini and who is bound to carry for all who tender their goods and the price of carriage."

In the case of *Forsyth* v. *San Joaquin Light & Power Corp.,* 208 Cal. 397 [281 Pac. 620, 623], the Supreme Court drew the following distinction between a common carrier and a private carrier: "Section 2168 of the Civil Code defines a common carrier as follows: 'Every one who offers to the public to carry persons, property, or messages, excepting only telegraphic messages, is a common carrier, of whatever he thus offers to carry.' 'Private carriers are such as carry for hire and do not come within the definition of common carrier. Certain common characteristics mark the difference between these two classes. To impress upon one the character of common carrier it must be shown that he "undertakes generally and for all persons indifferently to carry goods and deliver them for hire; and that his public profession of his employment be such that if he refuses, without some just ground, to carry goods for anyone, in the course of his employment and for a reasonable and customary price, he will be liable to an action." On the other hand, private carriers are not bound to carry for any person unless they enter into a special agreement so to do.' (4 Cal. Jur. 815.)"

To the same effect are the cases of *Frost* v. *Railroad Com.,* 271 U. S. 583 [47 A. L. R. 457, 70 L. Ed. 1101, 46 Sup.

Ct. Rep. 605], *Alexson* v. *Steward,* 55 Cal. App. 251 [203 Pac. 423], and *Gornstein* v. *Priver,* 64 Cal. App. 249 [221 Pac. 396]. We conclude that from the evidence before us appellant was not shown to be a common carrier and must be held to have been a private carrier in his undertaking to transport the Klein property.

If the court had made any finding at all upon the question of whether or not appellant was a common carrier it must have found that he was not, but was a private carrier. With this finding the limit of recovery of respondents would not have been governed by section 2200 of the Civil Code. Therefore, the failure of the trial court to find upon this issue, which would not have changed the results it reached, cannot be held.to be prejudicial error or ground for reversal. (*Comer* v. *Los Angeles Ry. Corp.,* 95 Cal. App. 545 [272 Pac. 1100].)

The remaining question to be determined on this appeal is the duty resting upon appellant in transporting the Klein-goods as a private carrier, and his liability for their destruction by fire in the absence of any showing of negligence upon his part. Under ordinary circumstances the private carrier is only required to use ordinary care in the transportation of personal property and is not liable for its injury or destruction in the absence of a showing of negligence on his part. (*Gornstein* v. *Priver, supra.*) In this case no negligence on the part of the carrier was either alleged or proved.

As we have observed respondents alleged a special contract on the part of appellant to deliver the goods to the Kleins in Hollywood. The trial court found that such a special contract was entered into. E. A. Klein testified to it, and while this is the only evidence in the record indicating it, this evidence is sufficient to support the finding of the trial court on this appeal, it having apparently believed the testimony.

At common law one of the recognized purposes of a bailment was the transportation of personal property for hire. The earliest declaration of this rule was given by Lord Holt in the case of *Coggs* v. *Bernard,* Ld. Raym. 909, 5 Eng. R. C. 247. In this case it was held that one of the kinds of bailment was the hiring of the carrying of goods when they are bailed either to a public or private carrier

for the purpose of being transported from place to place. (*Fish* v. *Chapman,* 2 Ga. 349 [46 Am. Dec. 393].)

It has been universally held that a bailee's general liability may be increased by a special contract and that if his contract so provides he may become an insurer of re-delivery of the property bailed. "While the rights and duties of a bailee must be determined from the contract and from the statutes and principles of law governing such contracts, a bailee may enlarge, and to a certain extent limit, his legal responsibilities. He may make his obligation to redeliver the bailed property absolute, putting himself in somewhat the same position as an insurer. Thus, a contract under which the bailee undertakes to redeliver the property 'damage by the elements excepted' creates an absolute liability to return it unless prevented by act of God. Under such circumstances it is not required to be shown that the bailee was negligent, absence of negligence on his part being no defense because of the absolute nature of the liability incurred. So, if the bailee contracts to deliver goods at a certain time or to deliver them to a certain person at a certain time, without any reservation whatever for contingencies, his liability is absolute, and he can be held accountable for their value if they are accidentally destroyed. In such a case the failure of the bailee to do as he contracted must be considered the proximate cause of the damage." (4 Cal. Jur. 16.).

To the same effect are the cases of *Barrere* v. *Somps,* 113 Cal. 97 [45 Pac. 177, 572], and *Beall* v. *Bekins Van & Storage Co.,* 33 Cal. App. 652 [166 Pac. 370]. In the Beall case the court indicated that its decision would have been the same had the Bekins Van and Storage Co. been acting either as a warehouse keeper or as a carrier of goods.

The business of a private carrier of goods is obtained by, and is dependent upon, his contract with the shipper. We can see no reason why his contract may not impose upon him a greater duty than the ordinary care which the law imposes on him. His compensation is also fixed by contract and if he imposes upon himself the contractual obligation of delivering the goods to their point of destination we see no reason why he should not be held to it. We can assume, in the absence of evidence to the contrary, that in his charges he included compensation for

the added liability which he imposed upon himself. If he elects to become an insurer of the delivery of the goods at their destination he should be bound by his contract and his responsibility should be measured by its terms.

█ Appellant maintains that the amount of the judgment is not supported by the evidence. It is alleged in the complaint that the total value of the goods shipped was $10,500. The answer denies that this value was in excess of $3,500. The evidence shows that a small part of the property was not destroyed by fire but was delivered to the Kleins by appellant in Hollywood. Appellant fixed the value of the property delivered at $500. Klein testified that its value was $250. As the court did not find the value of the goods so delivered, appellant maintains that the judgment should be reversed or at least reduced by $500. An examination of the evidence discloses that there is testimony in the record which would support the conclusion that the value of the goods destroyed by fire was equal to or in excess of the amount of the judgment. Therefore the trial court did not have to rely upon the admission in the pleadings as the sole measure of their value. The evidence supports the judgment as to the amount of the loss.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.