# CANFIELD *et al. v.* TOBIAS *et al.*

21 319|
97 316|
21 349
134 601

AN allegation in a complaint, not material to the statement of the plaintiffs' cause of action, is not admitted by a failure on the part of the defendant to deny it in his answer.

The only allegations essential to a complaint are those required in stating the cause of action. Allegations inserted for the purpose of intercepting and cutting off an anticipated defense are superfluous and immaterial and do not require an answer.

The only object to be gained by a plaintiff in anticipating a defense and replying to it in advance is to put the adverse party upon his oath without making him a witness, and the effect of allowing this would be to establish a system of discovery in conflict with the spirit of the statute.

The complaint stated a cause of action for goods sold, and, in addition, with a view to meet a probable defense of payment based upon the giving of certain notes by defendant and a receipt in full by plaintiff, stated the making of the notes and receipt and alleged facts attending the transaction which if true avoided its effect as payment by reason of fraud and misrepresentation on the part of defendant. The answer admitted the original demand and averred payment by the notes referred to in the complaint, but did not deny in proper form the allegations in the complaint respecting the fraud of defendant in the transaction. The case was submitted on the pleadings and plaintiff had judgment: *Held*, that the judgment was erroneous; that the allegations of the complaint in reference to the transaction claimed to operate as payment were not material allegations requiring a denial, and were not therefore admitted by the failure of defendant to deny them.

APPEAL from the Twelfth Judicial District.

The facts are stated in the opinion.

*H. J. Labatt*, for Appellant.

*Edward Tompkins*, for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is an action to recover a balance alleged to be due on an account for goods, wares, and merchandise. The plaintiff obtained a judgment upon the pleadings, and the only question is as to the sufficiency of the answer.

The answer admits that the indebtedness once existed, but avers that certain promissory notes, signed by the defendants and indorsed

by a third person, were received by the plaintiffs in satisfaction of the debt. It contains a copy of a receipt purporting to have been signed by the plaintiffs, acknowledging that the notes were received in full payment of the amount due, and avers that the notes themselves have been paid. For the purposes of the case, the matters set forth in the answer are to be taken as true, and there is no doubt that these matters, relieved of other considerations, constitute a defense to the action. It is claimed, however, that the answer fails to deny, or denies insufficiently, certain allegations of the complaint charging the defendants with fraud and misrepresentation in procuring the assent of the plaintiffs to the arrangement referred to. The character of the arrangement is fully set forth in the complaint, and the allegations upon the subject were inserted by way of anticipation, and not as a part of the cause of action necessary to be stated in the first instance. They are not, therefore, such allegations as were required in the complaint, and treating the denials in the answer as insufficient to raise an issue upon them, the question occurs as to whether they are to be acted upon as admitted. The statute provides that every material allegation in the complaint, not specifically controverted by the answer, shall be taken as true; and a material allegation is defined to be one which is essential to the claim, and cannot be stricken from the pleading without leaving it insufficient. (Prac. Act, secs. 65, 66.) It would seem from this that an allegation which is not essential to the claim, and which, therefore, is an immaterial one, is not an allegation necessary to be controverted by the answer, in order to avoid the consequence attached to a failure in this respect as to a material allegation. The language used is equivalent to saying, that unless the allegation is essential to the sufficiency of the pleading this consequence is not to follow, for *expressio unius est exclusio alterius* is the rule in such cases. The only allegations essential to a complaint are those required in stating the cause of action, and allegations inserted for the purpose of intercepting and cutting off a defense are superfluous and immaterial. The matter alleged may be material in the case, but immaterial in the complaint, and a plaintiff cannot by pleading such matter at the outset call upon the defendant to answer it. He must plead it at the proper time and

in pursuance of the rules regulating the course of proceeding, and he cannot anticipate the defense to be made and reply to it in advance.   The object of such pleading is to put the adverse party upon his oath without making him a witness, and the effect of allowing it would be to establish a system of discovery in conflict with the spirit of the statute.   We are of opinion, therefore, that the allegations in question are not such as the defendants were called upon to answer, and that no inference of their truth is to be drawn from a failure to deny them.

Judgment reversed and cause remanded.