[No. 6,564.—Department No. 2.]

## BUTLER *v.* BEECH.

EVIDENCE — ACCOUNT BOOKS — ALLEGATIONS — FINDINGS — CONFLICT OF EVIDENCE.—In an action for a settlement of partnership accounts, a statement of accounts between the partners, made by an expert in book-keeping, was offered in evidence by the plaintiff, and it appeared by the testimony of the witness, that the books had been altered by him by the direction of the plaintiff after the dissolution. *Held,* that if this had been the only evidence of the correctness of the statement, it would have been inadmissible in evidence; for the plaintiff had no right to alter the books, and then use them as evidence in support of his case; but *held, further*—there being sufficient evidence *aliunde* to show the correctness of the date from which the statement was made—that it was properly admitted; and *held, further*—the evidence being conflicting on the point—that the findings would not be disturbed.

FINDINGS.—The findings in the case discussed, and held not to be open to the objection that the findings of fact and conclusions of law are not separately stated.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

The facts are stated in the opinion.

*Thom & Ross,* for Appellants. (The brief having been filed prior to the elevation of Judge Ross to the Bench.)

*H. T. Hazard,* for Respondent.

MORRISON, C. J. :

On the 4th day of December, 1873, written articles of copart-nership were entered into between plaintiff and defendant, for the purpose of carrying on the business of "livery stable keep-ers, farmers, and stock-raisers," and such copartnership continued in existence until the 1st day of May, 1876, when the same was dissolved by mutual consent. Disagreements having arisen in respect to the settlement of the accounts of the firm, plaintiff filed his complaint on the 8th day of March, 1877, praying that an account be taken of the dealings and transactions of the late firm. The case was referred to George C. Gibbs, the Court Commissioner, to take testimony and report findings ; and on the 5th day of December, 1877, Gibbs filed his report, from which it appears that there was due from the defendant to the plaintiff the sum of $4,510.75, and upon this report judgment was entered on the same day. Defendant made his motion for a new trial, which was denied, and the appeal is taken from the judgment as well as from the order of the Court denying the motion for a new trial.

The first point made on the appeal is, that error was committed in allowing plaintiff to introduce in evidence " Exhibit A." This exhibit purports to be a correct statement of the accounts be-tween plaintiff and defendant, and was prepared by the witness Winslow, an expert in book-keeping. On cross-examination Winslow admitted in substance that he did not know that the books and papers from which "Exhibit A" was made up were correct, and he further stated that the books had been changed by him at the instance of the plaintiff after the dissolution of the partnership.

If this had been the only evidence to justify the admission of the exhibit, it would have been error for the Court Commis-sioner to have admitted the same, for it cannot be doubted that the plaintiff had no right to alter the books after the dissolution of the partnership, and then offer in evidence such altered books in support of his case. But there is other evidence establishing the correctness of the books and papers from which the statement was prepared, and this, taken in connection with the evidence of Winslow, makes the statement prepared by him competent evi-dence in the case.

The witness Winslow says: "I obtained these items which I have placed in the books from the notes and papers that Mr. Butler holds, and the papers, from which said additional entries are made, are here tendered in evidence"; and speaking in this connection the plaintiff says: "I think it is a correct statement of the account. It is to the best of my knowledge. It was made by Mr. Winslow and myself. We looked over the books and got up the statement the best we could. I am not an expert. I think the items stated in the account are correct." The books were then offered, so that any item which the defendant wanted to examine could be turned to. The witness Winslow then testified as follows: "My occupation is a book-keeper. This statement was obtained from Mr. Butler's books and accounts and papers, kept by him for the firm of Beach & Butler." Butler says: "All the accounts he (Winslow) has put into the books since we sold out, I have vouchers to show for them, notes and everything of the kind. I have vouchers to show for everything I have given myself credit for in that account." And further on he continues: "Perhaps both of us might have failed to keep correct accounts of the partnership, but I think I kept a correct account, or meant to. I have a record of all moneys paid to me, I think, and of all transactions, and these books contain a correct statement and are the records I have kept."

This is a portion of the evidence given on behalf of the plaintiff, and was sufficient, in our opinion, to sustain the findings of the Court Commissioner and the judgment entered thereon. It is true that there was a substantial conflict in the evidence, but the rule in such cases is that the Appellate Court will not disturb the judgment of the Court below.

In the next place, it is claimed by appellant that the Commissioner failed to settle the profit and loss account of the copartnership. In answer to this objection, it may be stated that it appears from the eighth finding that there was a full settlement and adjustment of accounts of the firm. The eighth finding is as follows: "That the amount appearing to be due the plaintiff from the defendant, of and from an adjustment of all their partnership accounts and transactions, as by the foregoing statement, is the sum of $4,510.75, in gold coin of United States."

It is also claimed on this appeal that the findings of fact and

the conclusions of law are not separately stated. The facts found are distinctly stated under several subdivisions, commencing with No. 1 and ending with No. 8, and then comes the following :

" And as a matter of law resulting from the foregoing findings of fact, I do further find that the plaintiff is entitled to have and recover of the defendant the sum of $4,510.75." In our opinion that was sufficient.

Other points made by appellant are not well taken, and no error appearing in the proceedings of the Court below, the judgment and order are affirmed.

THORNTON, J., and MYRICK, J., concurred.