W. E. WORTH, Receiver of the Greensboro Coal and Mining Company, v. E. P. WHARTON.

, (Decided March 22, 1898.)

*Action to Recover Unpaid Subscriptions to Stock— Stockholder Delinquent — Complaint—Demurrer—Insolvency of Corporation—Demand.*

1. Where, in an action by the Receiver of an insolvent corporation to recover from a delinquent subscriber to its capital stock the amount of his unpaid subscription, the complaint alleged that the defendant subscribed for 15 shares of the stock of the par value of $1500, of which he had paid $500 and still owed $1000 theron; that the corporation had been declared insolvent and that it would take the whole of the $1000 due by the defendant to pay creditors of the corporation; that the plaintiff had been duly appointed receiver of the corporation and that, defendant refused to pay his said indebtedness; *Held*, that the complaint was good on demurrer.

2. Where a complaint in an action by the Receiver of an insolvent corporation against a delinquent subscriber to its capital stock contained an allegation that it would take the whole of defendant's unpaid subscription to pay the debts of the concern, it will be presumed, on demurrer to the complaint, that before the action was brought the Court appointing the Receiver had ascertained that the whole of the amount due by the defendant would be necessary to pay the indebtedness of the corporation.

3. A complaint which alleges that the defendant refuses to pay the debt sued on, without alleging a demand, is good on demurrer.

CIVIL ACTION heard on complaint and demurrer before *Adams, J.*, at January Term, 1898, of NEW HANOVER Superior Court. The complaint and demurrer are set out in the complaint. His Honor overruled the demurrer and defendant appealed.

*Mr. J. D. Bellamy* for plaintiff.
*Mr. George Rountree* for defendant (appellant).

FURCHES, J.: This case comes to this Court upon complaint and demurrer without any statement of case on appeal, and but for the statements of counsel on the argument we would have a very imperfect conception of the case. The complaint is as follows: "Plaintiff complaining of defendant alleges, First—That the plaintiff was duly appointed by an order of the Judge of the Superior Court of New Hanover county receiver of the Greensboro Coal and Mining Company on the    day of ————, 1896, in an action therein pending, brought by the Waterbury Rubber Co., who sued in behalf of themselves and all other creditors of the Greensboro Coal and Mining Company."

Second—"That the said Greensboro Coal and Mining Company is and was declared by said Court to be utterly insolvent and owes a large amount of money to various and sundry creditors."

Third—"That the defendant E. P. Wharton was a subscriber to 15 shares of the capital stock of said Greensboro Coal and Mining Company, of the par value of $100, and has only paid in on said stock the sum of $500, and that there is due and payable on the same the sum of $1,000, all of which is necessary to liquidate the said indebtedness of the said Greensboro Coal and Mining Company, and which the said defendant refuses to

pay.   Wherefore the plaintiff prays judgment against the defendant for the sum of $1,000 with interest from the — day of ——, 1896, together with costs of action."

To this complaint the defendant filed the following demurrer: "The defendant demurs to the complaint herein because it does not state a cause of action against the defendant in that

First—"That neither the corporation nor any court of equity has made any call for a balance of unpaid subscription, and there is no debt due from the defendant to the plaintiff."

Second—"That it does not appear from the complaint that any Court has previously determined the amount of the corporate inebtedness and fixed the liability of each share of stock."

Third—"For that the action ought to have been by a bill in equity in which all questions involved could be settled in the same action."

It will be observed that the complaint does not state what sort of a company the Greensboro Coal and Mining Company was, whether a corporation or a joint stock partnership.   It is true the demurrer twice speaks of it as a corporation.   But it is not the province of a demurrer to allege facts, but to admit the facts alleged. Then we will have to take it to be true that there was a "company" that issued the shares of stock; that the defendant subscribed for 15 shares of the par value of $1500; that he has only paid $500 thereon, and that he is still owing $1000 to said company on said 15 shares of stock.   That said "company" has become insolvent and has been so declared by a court of competent jurisdiction; that it will take the whole of the $1000 due by defendant to pay the creditors; that the plaintiff has been

duly appointed receiver of said "company" and that the defendant refuses to pay said indebtedness.

The defendant, admitting all this, says that the plaintiff can not succeed in this action; and the defendant contends that it was necessary before bringing the action; that the Court should have ascertained what part of this debt was nececsary to pay the indebtedness of the "company."

Suppose this to be the law, we must presume this has been done, as the plaintiff says it will take it all to do so, and the defendant admits the allegation to be true.

The defendant further contends that the plaintiff cannot maintain this action because he has made no demand for payment before bringing the action. Suppose we admit this is the law, the plaintiff alleges that the defendant refuses to pay this claim sued on, and the defendant admits that this allegation is true. How then can it be true that he refused to pay if he had not been asked to pay ?

There is some diversity of opinion expressed in the books as to notice, but Smith on Receivers, page 404, note 3, citing several authorities, holds that such an action may be maintained at law without ascertaining the amount due and giving the notice, as contended for by the defendant. But as it appears from the allegations of the complaint and the admissions of the defendant that this has all been done, it is not necessary for us to decide that question, and we do not do so. The plaintiff having been appointed receiver the statute authorized him to sue—*Code*, Section 668.

This is what would have been an action at law before the joinder of jurisdictions under the Constitution of 1868 and the Code of Civil Procedure, in which the plaintiff would have been entitled to judgment. And

the defendant, if he had equitable grounds of defence, would have been compelled to file a bill in equity in which he would have to allege his equities. But that is not so now, as he may set up his equities in his answer, and if necessary to a full, fair and equitable settlement of the matter, may have such other parties made, as are necessary to that end. And while we are compelled to overrule the defendant's demurrer, this is not deciding the case against him.

It was alleged by counsel for the defendant that it would not take the whole of the $1,000 to pay the defendant's *pro rata* of the "company's" indebtedness; that there was only a deficiency of about $6,000, while the unpaid stock of the concern amounted to many times that amount; that while the defendant was behind in the payment for his stock, the plaintiff himself was behind in the payment of his stock to a much greater amount, and this suit was brought against him alone to unfairly oppress him. Of course we cannot allow such statements as these to influence our opinion in this case. But if they are true they may all be set up by the defendant, and must be adjusted and determined before he can be brought to judgment. *Harmon* v. *Hunt*, 116 N. C., 678.

Affirmed.