BROSSARD, Administrator, Appellant, vs. WILLIAMS, Respondent.

*March 12—April 1, 1902.*

*Pleading: Executors and administrators: Right to purchase claim and maintain action thereon.*

1. An allegation in a pleading that "the defendant refuses, and has ever refused, to account for or pay over" the indebtedness sued for, implies a previous demand, and is equivalent to an allegation of a demand and a refusal.

2. Where, in a complaint, it was alleged that a cause of action against defendant was sold and assigned to plaintiff as administrator of a decedent's estate, for a valuable consideration, it sufficiently alleges plaintiff's legal capacity to sue.

3. In such case, if plaintiff has a valid transfer of the claim as against his assignor, and defendant has no interest in the estate represented by plaintiff, the defendant is protected and has no interest to inquire further.

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

The plaintiff brings this action as administrator of the estate of D. A. Williams, deceased. The complaint shows the death of Williams intestate, and plaintiff's appointment and qualification as administrator. It then says that the Ashland News Company, a corporation, executed notes and a chattel mortgage to one John Thompson, for $1,500. These notes and mortgage were duly assigned to Ella V. Williams. On December 18, 1894, said corporation paid upon said notes and mortgage the sum of $503.32 to defendant, *John C. Williams,* for said Ella V. Williams. The defendant thereby became indebted to her for money had and received for her use, no part of which sum has been paid. The defendant refuses, and has ever refused, to account for or pay over the same, or any part thereof. On February 28, 1899, said Ella V. Williams, for a valuable consideration, sold and assigned said claim to the

plaintiff, who is now the lawful owner and holder of said indebtedness.

The defendant demurred to the complaint, on the grounds that it did not state facts sufficient to constitute a cause of action, and that the plaintiff had not legal capacity to sue. The trial court first entered an order overruling the demurrer. Later, said order was vacated, and an order entered sustaining the demurrer, from which this appeal is taken by plaintiff.

For the appellant there was a brief by *Paul D. Durant,* attorney, and *E. E. Brossard,* of counsel, and oral argument by *Mr. Brossard.*

*W. E. Cavanaugh,* for the respondent.

BARDEEN, J.   1. The defendant insists the complaint is insufficient, because it fails to allege a demand upon defendant before the commencement of suit. It is alleged that "the defendant refuses, and has ever refused, to account for or pay over" the indebtedness sued for. Defendant's contention is completely answered by the case of *Divan v. Loomis,* 68 Wis. 150, 31 N. W. 760, in which it is said: "An allegation of refusal implies a previous demand, and is equivalent to an allegation of a demand and a refusal."

2. The second point urged by defendant is that the plaintiff has no legal capacity to sue, for the reason that he has no power or authority as administrator to purchase the claim upon which this action is based. The general proposition is admitted that an administrator will not be permitted to speculate with the funds of his decedent's estate. But that proposition is not here for consideration. The allegation is that the claim against defendant was sold and assigned to plaintiff for a valuable consideration. If the plaintiff had a valid transfer of the claim as against his assignor, the defendant had no interest to inquire further. *Chase v. Dodge,* 111 Wis. 70, 86 N. W. 548; *Sheridan v. New York,* 68 N. Y. 30. So

far as the pleading discloses, the defendant had no interest in the estate represented by plaintiff. A payment to plaintiff would be a complete shield against any further prosecution of the claim. If plaintiff was mismanaging the estate intrusted to his care, or speculating with its funds, he was responsible to the parties interested in the estate. The defendant had no interest in any controversy that might arise in this respect, so long as he was protected against any claim that could be made by plaintiff's assignor.

*By the Court.*—The order sustaining the demurrer is reversed, and the cause is remanded with directions to enter an order overruling the demurrer, and for further proceedings according to law.