NORTH AUGUSTA ELECTRIC AND IMPROVEMENT CO. *v.* MARTIN.

SIMMONS, C. J.    Where a petition shows the jurisdiction of the court, that the defendant was under a duty to the plaintiff, and the facts from which the duty arose, that there was a breach of the duty, and that plaintiff was damaged by such breach, the petition sets out a cause of action and is good as against a general demurrer.    *Judgment affirmed.    By five Justices.*

Argued July 17,— Decided August 14, 1903.

Action for damages.    Before Judge Eve.    City court of Richmond county.    January 12, 1903.

The petition alleged, that the defendant was a corporation oper-- ating a street-railroad for the transportation of passengers in the county in which the suit was brought; that on a specified day and hour he was a passenger on one of its cars; that on previous oc-- casions he had been such passenger, and was in the habit, in order to reach his place of residence, of alighting from the cars at a point where the road was crossed by a designated street,— a habit known to the mortorman in charge of the car at the time specified ; that a custom exists with the defendant to merely put on brakes and slacken speed to allow male passengers to alight from the cars, unless the passenger insists on the car coming to a positive stop before leaving it, and there is no danger to a male passenger in stepping from a car under control in this manner; that at the time specified, the car on which plaintiff was a passenger reached the place designated, and he signaled, as had been his custom, to the motorman and conductor to slow up and let him get off the car, and the motorman and conductor recognized the signal and in re- sponse put on brakes, and the car slackened its speed until it was safe for him to step off, when, just as he was in the act of stepping from the running step along the side of the car, the motorman caused the car to give a sudden, unexpected, violent jerk, which threw him, with a twist of his body, prostrate to the ground, the force of the fall breaking his arm and causing other injuries de- scribed ; that these injuries were received through the gross negli- gence of the defendant; and that he was thereby damaged in a sum specified. A general demurrer to the petition was sustained, and the plaintiff excepted.

*George T. Jackson* and *E. H. Callaway,* for plaintiff in error. No allegation that plaintiff by ordinary care could not have avoided the consequences of defendant's negligence : Civil Code, §§ 2322, 3830 ; *Ga. Rep.* 38/409 ; 79/463 (2) ; 87/6; 95/519 ; 96/328; 101/217; 104/244; 107/382. Not alleged that the jerk was unnecessary, or unnecessarily severe, nor that the motor- man was under duty not to cause it, nor that he was under duty to give plaintiff notice: *Ga. Rep.* 73/350, 557 ; 77/788 ; 101/69; 108/808; 50/353. Taking pleadings most strongly against him, injury was the result of plaintiff's own negligence : *Ga. Rep.* 50/353, 357 : 81/476, 478; 82/229 ; 85/653; 87/766; 88/436 ;

94/662; 107/132; 36 Atl. 867; 5 Am. Elec. Cas. 416.    118
*Ga.* 146, not applicable.

*F. W. Capers* and *W. E. Jackson,* contra, cited.    Civil Code,
§ 3830; *Ga. Rep.* 69/268; 76/311; 79/463; 81/275; 83/446;
85/653; 89/272; 95/519, 738; 98/654; 115/455, 879; Hop-
kins, Pers. Inj. §§ 204, 304, 338; Hutch. Car. § 612, p. 487;
Patterson's Rwy. Acc. Law, §§ 5, 55, 277.