### WRIGHT v. BERGER.

(Supreme Court, Appellate Term. February 5, 1909.)

CORPORATIONS (§ 120*)—SALE OF STOCK—AGREEMENT TO REPURCHASE—TENDER OF PERFORMANCE—WAIVER.

A statement by a seller of corporate stock, who agreed at the time of sale to repurchase it for the same price if the buyer held it for a year, made about five months after the expiration of the year, was made too late to amount to a waiver of a tender of the stock to him at the expiration of the year or within a reasonable time thereafter, otherwise essential to bind the seller to his contract to repurchase.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 120.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by George Wright against Emil Berger. From a judgment for plaintiff, and from an order denying a motion to set aside the verdict, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Frederick Hemley, for appellant.
Wasserman & Jacobus, for respondent.

SEABURY, J. The plaintiff claims that the defendant sold to his assignor 200 shares of stock at $2.50 per share, and that at the time of the sale the defendant agreed that the plaintiff's assignor should not lose by the purchase, and that if he held it for a year the defendant would repurchase it at the same price. The year expired February 16, 1908. There was no evidence of a tender of the stock to the defendant at the expiration of the year, or within a reasonable time thereafter. The plaintiff contends that tender was waived by the statement of the defendant made in July, 1908. This statement was made too late to enable the plaintiff to recover upon the theory that tender was waived.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.