HANKWITZ, Respondent, vs. BARRETT, Appellant.

*October 29—November 15, 1910.*

*Contracts: Validity: Oral agreement to repurchase stock: Statute of frauds: Parol evidence affecting writings: Action by assignee: "Real party in interest:" Examination of witnesses: Leading questions: Evidence: Relevancy: Appeal: Costs: Supplemental case.*

1. Where corporate stock is sold, paid for, and delivered pursuant to a transaction wherein the vendor, as a condition of the sale, orally agrees to repurchase it at the option of the buyer, the whole constitutes one original contract, which is sufficiently performed to take it out of the statute of frauds (sec. 2308, Stats. 1898).

2. The fact that the buyer of corporate stock signed a written subscription therefor when or before the sale was made, does not preclude proof of an oral agreement by the vendor to repurchase. The subscription being a unilateral contract containing the promise of one party only, the promise of the other may be shown by parol, where it does not contradict the writing.

3. An assignment of a claim, absolute in form, authorizes the assignee to sue thereon as the real party in interest, notwithstanding a collateral agreement whereby he undertakes to pay over to the assignor the amount collected less a proportionate share of the costs of collection.

4. The allowance of leading questions is a matter largely in the discretion of the court, and the exercise of that discretion will not be disturbed except where it is clearly abused. Where the question merely embodies a summary of evidence before given by the witness, its allowance is not error.

5. In an action upon a contract to repurchase certain corporate stock sold to plaintiff it was not error to exclude a question asked of defendant as to whether it was his own or the company's stock he was selling, since this did not call for anything which was said or done between the parties, but merely for the conclusion of the witness as to a fact not in issue.

6. Respondent having printed a supplemental case which contained matter not found in the bill of exceptions, other matter relating to questions not raised by the appeal, and testimony in the form of question and answer which had been correctly given in narrative form in the original case, costs for printing such supplemental case are disallowed.

APPEAL from a judgment of the superior court of Lincoln county: MARTIN L. LUECK, Judge. *Affirmed.*

Action to recover the amount paid for certain stock in the Tunnel Hill Mining Company sold by the defendant to plaintiff and his assignors under an agreement by the defendant to take back the stock and return the consideration paid for it if the purchaser at any time became dissatisfied therewith. The defendant in his answer admitted that he sold the stock, but denied that he agreed to purchase the same back, and alleged by way of further defense as to each claim assigned to plaintiff that the latter was not in fact the real party in interest and had no right to maintain the action. The assignments to plaintiff were in form as follows:

"For a valuable consideration duly received I do hereby assign, transfer and set over unto *Carl F. Hankwitz,* of Merrill, Wisconsin, all claims, demands, rights of action and causes of action I may have against *James A. Barrett* of the same place arising or growing out of the contract between myself and him whereby I purchased certain stock in the Tunnel Hill Mining Company, and arising and growing out of any and all transactions, representations, fraud or deceit, if any there be committed by the said *Barrett* in procuring the said contract or purchase, and do hereby authorize and empower the said *Carl F. Hankwitz* to institute and maintain any and all actions or proceedings at law or equity to enforce such rights and causes of action in the same manner and to the same extent that I might."

Each assignor also made an agreement with the plaintiff in the following form:

"Agreement entered into by and between [name of assignor], party of the first part, of Merrill, Wisconsin, and *Carl F. Hankwitz,* party of the second part, of the same place, witnesseth: Whereas the party of the first part has this day assigned and transferred to the party of the second part certain causes of action against *James A. Barrett,* of Merrill, Wisconsin, now, therefore, the party of the second part hereby agrees to institute and maintain such an action or ac-

tions as are necessary to enforce said claim or claims. The first party agrees to pay such proportion of the expense of such action as the amount paid by the first party for stock in the Tunnel Hill Mining Company shall bear to the total amount paid by all assignors for similar stock who shall have assigned their claims to said *Hankwitz* for the purpose of having them sued upon in the same action, the intention being that the party of the first part and the said *Hankwitz* and all other persons who shall have assigned their causes of action to the said *Hankwitz* shall reimburse said *Hankwitz* for all expenses of said action in just such proportion as the amount paid by each and all of them for their stock shall bear to the total amount. The party of the second part agrees to pay over to the party of the first part all amounts collected by him on the claim assigned by the first party to the second party less the first party's just share of the expenses of collection."

[Signatures of parties.]

The subscription card, referred to hereinafter in the verdict, reads as follows:

"Number of shares, . . . I hereby subscribe and agree to pay for . . . shares of stock in the Tunnel Hill Mining Company. The capital stock of said corporation to be $85,000, and to consist of 85,000 shares, each of the par value of One Dollar, nonassessable."

The jury found as to each purchaser (1) that the defendant in negotiating the sale of the stock did promise to take the same back and return the consideration paid therefor if the purchaser at any time became dissatisfied therewith; (2) that the purchaser relied upon said promise; (3) that from the acts and representations of the defendant the purchaser understood that defendant sold his own stock; (4) that the purchaser did not, at or before the time of paying the purchase price of said stock, sign the subscription card which purports to bear his name; and (5) that a tender of the stock to defendant and a demand for a return of the consideration was made by plaintiff before the commencement of the action. Upon such verdict the court entered judgment in favor of the

plaintiff for the total consideration paid by him and his as-
signors for the stock, amounting to $4,400, and the defendant
appealed.

For the appellant there was a brief by *John Van Hecke,*
attorney, and *Geo. L. Williams,* of counsel, and oral argument
by *Mr. Van Hecke.*

For the respondent there was a brief by *Smart, Van Doren
& Curtis,* attorneys, and *F. J. Smith,* of counsel, and oral
argument by *E. M. Smart.*

VINJE, J.    1. The proposition advanced by the defendant
that the agreement to repurchase the stock, if any was made,
constituted a separate contract and was void under sec. 2308,
Stats. (1898), on the ground that it rested in parol and there
had been no sufficient part performance to take it out of the
statute, cannot be sustained. It was held in *Vohland v.
Gelhaar,* 136 Wis. 75, 116 N. W. 869, that where stock is
sold, paid for, and delivered pursuant to a transaction
wherein the vendor, as a condition of the sale, agrees to repur-
chase it at the option of the buyer, the whole constitutes but
an entire original contract that is sufficiently performed to
take it out of the statute.

2. It is claimed that the finding of the jury that the sub-
scription cards were not signed by the purchasers at or before
the sale of the stock is not sustained by the evidence. As to
one purchaser it was admitted that he signed no card. The
evidence was clear and convincing as to some of the others
that they did not sign any, and as to the balance there was
such a conflict that the jury well might find either way.
Upon such state of the evidence this court will not disturb the
finding. But even if it were admitted that each purchaser
signed the subscription card at or before the sale was made,
such fact would not preclude oral testimony to prove that de-
fendant agreed to repurchase; for it would in no wise vary or
contradict the writing. Moreover, the subscription card is a

unilateral contract. It contains the promise of one party only. In such case the promise or agreement of the other may be shown by parol where it does not contradict the contract. *Smith v. Coleman,* 77 Wis. 343, 46 N. W. 664; *Caldwell v. Perkins,* 93 Wis. 89, 94, 67 N. W. 29. So, in any view of the case, the court did not err in receiving parol testimony to prove the promise to repurchase.

3. The claim is made that the assignments to, and agreements with, the plaintiff, set out in the statement of facts, show that he is not the real party in interest and, therefore, has no right to maintain the action. It is evident from a mere inspection of the assignments and agreements that the plaintiff was at least an assignee for collection. As such he was entitled to maintain the action. *Wooliscroft v. Norton,* 15 Wis. 198; *Gates v. N. P. R. Co.* 64 Wis. 64, 24 N. W. 494. But the assignments are absolute in form and vest the entire apparent legal title in the assignee. This is a sufficient protection to the defendant. He cannot be subjected to a second action by the assignor or any one, and is in no position to question the effect or validity of collateral agreements to account for the proceeds to the assignor or to apply them as directed by him. Such collateral agreements do not render him any the less the real party in interest. Pomeroy, Code Rem. (4th ed.) § 70; *Crowns v. Forest L. Co.* 99 Wis. 103, 74 N. W. 546; *Chase v. Dodge,* 111 Wis. 70, 86 N. W. 548; *Brossard v. Williams,* 114 Wis. 89, 89 N. W. 832. In *Robbins v. Deverill,* 20 Wis. 142, Dixon, C. J., was of the opinion that an assignment, though absolute in form, did not constitute the assignee the real party in interest where it appeared that he held it in trust for the firm of which he was a member. It was not, however, necessary to decide the question in that case, and the court in a separate opinion says:

"We agree with the chief justice in affirming the judgment, but not in all his reasoning. We express no opinion as to whether the plaintiff is the trustee of an express trust within

the statute, or is the real party·in interest, so as to sue in his own name."

4. A number of errors relating to rulings upon the admission of evidence are relied upon to reverse the judgment. In view of the decision on the questions already discussed, only two need consideration. The witness Juve was permitted to answer this question: "As I understand it, when you say you think it is your signature you base it simply upon the resemblance of the handwriting?" This was objected to as leading and improper. The witness had been examined at length as to whether or not the name upon the subscription card was his signature, and this question merely embodied a summary of a portion of his testimony on the subject. Under such circumstances it was not error to permit it to be answered,— certainly not prejudicial error. Besides, the trial court is vested with a large discretion as to when it is proper to allow leading questions, and the exercise of that discretion will not be disturbed except when it is clearly abused.

The defendant was not permitted to answer either of the following questions: "In fact, whose stock were you selling?" "State what the fact is, Mr. Barrett, as to whether you were selling your own stock or the stock of the company." This is assigned as error. Neither question called for what was said or done during the transaction or conversation when the sale was made. Both merely called for the conclusion of the witness as to a fact not in issue, and the court properly excluded the answers.

5. The respondent printed a supplemental case of twenty-nine pages. This was entirely unnecessary. Some of the matter contained in it is not found in the bill of exceptions at all. Other portions relate to questions not raised by the appeal, and still others merely contain the testimony in the form of questions and answers instead of in the narrative form in which it is correctly given in the original case. Respondent will therefore be allowed no costs for printing the supplemental case.

*By the Court.*—Judgment affirmed.