[No. 3549. Second Appellate District, Division Two.—October 14, 1921.]

## F. L. CULVER, Respondent, v. OREN N. MILLER et al., Appellants.

[1] CONTRACTS—FAILURE TO DELIVER WATER STOCK—ACTION FOR DAMAGES—PLEADING.—In an action for damages for the breach of a written contract to furnish, for irrigation of land leased by plaintiff from defendants, a certain number of shares of the capital stock of a given water company, the complaint is not subject to general demurrer because it fails to state of what the capital stock of that company consists and the quantity of water in inches and feet that plaintiff would be entitled to as the possessor of

such shares, or how many acres it would have irrigated, or how many acres plaintiff prepared for irrigation.

[2] ID.—TIME FOR DELIVERY OF SHARES—CONSTRUCTION OF LEASE.—A provision in a lease that the lessors "will furnish for irrigation of said land during said term" a certain number of shares of the capital stock of a given water company means that the water stock is to be placed in the hands of the lessee at the beginning of the term and so remain in his hands during its entire period.

[3] ID.—DEMAND FOR DELIVERY OF STOCK—PLEADING.—The complaint having alleged that the defendants "failed and refused to furnish said water stock or any part thereof," this was a sufficient allegation of demand for the stock, as against defendants' general demurrer.

[4] ID.—SUSCEPTIBILITY OF LAND TO IRRIGATION—PLEADING.—In such an action, the complaint is not defective because it fails to state that the land was susceptible of irrigation and that without irrigation it would be valueless, the complaint being sufficient as against a general demurrer if it states facts which show jurisdiction of the court, that the defendants were under a certain duty to the plaintiff and the facts from which the duty arose, that there was a breach thereof and that as a result of the breach plaintiff was damaged.

[5] ID. — ABILITY OF WATER COMPANY TO SUPPLY WATER — UNNECESSARY ALLEGATION.—In such an action, the complaint is not defective because it fails to state that the water company had the water and could have supplied the plaintiff with the same had he received the stock from the defendants.

[6] ID. — FAILURE TO FIND UPON PROBATIVE FACTS — ABSENCE OF REVERSIBLE ERROR.—In such an action, the trial court having found the ultimate facts as to the breach of the contract by the defendants and the resulting damage to the plaintiff, its failure to find upon the probative facts pleaded in plaintiff's complaint, to the effect that the land was good agricultural land and in good condition to produce a crop of corn, etc., will not constitute reversible error.

[7] ID. — SUFFICIENCY OF CONCLUSIONS OF LAW. — In such an action, conclusions of law "That the plaintiff is entitled to have judgment against the defendants" in a specified sum "as damages, and that the defendants are not entitled to recover anything from the plaintiff on their said cross-complaint," are sufficient.

[8] ID.—INCOMPLETE CONCLUSIONS OF LAW—REVERSAL OF JUDGMENT.— A judgment which is lawful will not be reversed because of the fact that the conclusions of law are incomplete, such as where the plaintiff is clearly entitled to his costs and the conclusions of law do not direct a judgment therefor.

APPEAL from a judgment of the Superior Court of Imperial County.    Franklin J. Cole, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Hill & Lee for Appellants.

Conkling & Brown for Respondent.

CRAIG, J.—This is an action for damages for the breach of a written contract by which plaintiff alleged that he leased 170 acres of land from the defendants; that by the lease it was agreed that plaintiff should receive from defendants 312 shares of capital stock of the Imperial Water Company No. 1; that they furnished only a part of said stock and that the plaintiff was thereby damaged in the sum of $2,000. Defendants interposed a general demurrer, which was overruled. They thereupon filed an answer and counterclaim for $3,000 damages. After trial, the court rendered judgment in favor of the plaintiff for $600. Defendant moved for a new trial and the motion was overruled. This appeal is from the order overruling the motion for a new trial and judgment for $600.

[1] The first ground urged for a reversal is that the complaint does not state facts sufficient to constitute a cause of action. In this behalf it is said that the complaint should have stated of what the capital stock of the Imperial Water Company No. 1 consists and the quantity of water in inches and feet that plaintiff would be entitled to as the possessor of 312 shares; how many acres it would have irrigated; how many acres plaintiff prepared for irrigation; the source of the water supply of the water company. These omissions and several others which appellant claims should have been contained in the complaint, if subject to any criticism, merely result in uncertainties which cannot be taken advantage of by a general demurrer.

It is said that the complaint should have alleged a demand for the stock on the part of the plaintiff, and in this connection it is claimed that the lease did not specify any definite time when the shares of stock were to be furnished. [2] The language of the lease is, "will furnish for irrigation of said land during said term, 312 shares, etc." We

think this provision clearly means that the water stock was intended to be placed in the hands of the lessee at the beginning of the term and to remain in his hands during its entire period. If this is so, it cannot be said that the time for delivery is uncertain.

[3] However, the complaint alleged that the defendants "failed and refused to furnish said water stock or any part thereof." This is sufficient, since unless a request was made, no refusal could have taken place. (*Ferguson* v. *Hull*, 136 Ind. 339 [36 N. E. 254]; *Worth* v. *Wharton*, 122 N. C. 376 [29 S. E. 370]; *Brossard* v. *Williams*, 114 Wis. 89 [89 N. W. 832].)

[4] It is insisted that the complaint is defective in that it fails to state that the land was susceptible of irrigation and that without irrigation it would be valueless; that is a matter which could properly be considered by the trial court only as affecting the amount of damage. If the land was not susceptible of irrigation this fact might be of value to the defendant but the complaint is sufficient against a general demurrer if it states facts which show jurisdiction of the court; that the defendant was under a certain duty to the plaintiff and the facts from which the duty arose; that there was a breach thereof and that as a result of the breach the plaintiff was damaged. (*North Augusta Electric & Improvement Co.* v. *Martin*, 118 Ga. 622 [45 S. E. 455].) The complaint in the case at bar contains these allegations. It is not required to negative defenses that may be anticipated. (*Nickel* v. *State*, 179 Cal. 126 [175 Pac. 641]; *Canfield* v. *Tobias*, 21 Cal. 349.)

[5] It is next asserted that the complaint is defective in that it fails to state that the Imperial Water Company No. 1 had the water and could have supplied the plaintiff with the same had he received the stock from the defendants. *Merrill* v. *Southside Irr. Co.*, 112 Cal. 431 [44 Pac. 720], is relied upon by appellants to sustain this proposition. This was a *mandamus* suit and is clearly distinguishable from the instant case, because in such a proceeding, if the court were to give judgment for the plaintiff, the order would be for the delivery of a specific quantity of water and courts do not make useless orders and those which are impossible of performance.

[6]    Another ground relied upon by appellants is that
the findings are insufficient to support the judgment.  It is
said that there is no finding upon the following allegation
contained in the complaint: ''That all of the said lands was
at all times herein mentioned, and is, good agricultural land
and was at all times herein mentioned in good condition to
be farmed to a crop of corn and that by reason of the
failure and neglect of the defendant to furnish any water
stock for said lots two in sec. 3, and lots 1–4 and 5, and
the N. E. ¼ of the N. E. ¼ of sec. 14, of said township,
and range, plaintiff was damaged in the sum of two thou-
sand dollars.''    There can be no doubt that the law requires
that findings be made upon all material issues presented by
the pleadings.   We have examined the cases cited by appel-
lant in this behalf beginning with *Harlan* v. *Ely*, 55 Cal.
344, and find nothing in them that does more than announce
this well-recognized rule.   It is unnecessary that findings
be made upon any other than ultimate facts.   If findings
are made upon probative facts, even though they may be
inconsistent with the general findings upon the ultimate fact
in question, no new trial will result unless an examination
of the evidence shows that it does not sustain the general
findings.   (*Perry* v. *Quackenbush*, 105 Cal. 229 [38 Pac.
740].)    In the instant case, the appellants have not seen fit
to present the evidence for this court's examination.   The
trial court found the ultimate facts, which, upon this phase
of the case, were the breach of the contract by the defend-
ant and resulting damage to the plaintiff.   It was not neces-
sary to make a finding upon the probative facts upon which
these general findings are based.   Whether or not the land
was good agricultural land and in good condition to produce
a crop of corn, etc., would be probative facts.

[7]    Another ground relied upon for reversal is that the
conclusions of law are erroneous.   The court's conclusions of
law were as follows: ''That the plaintiff is entitled to have
judgment against the defendants in the sum of $600 as
damages, and that the defendants are not entitled to recover
anything from the plaintiff on their said cross complaint.''
This conclusion is substantially the same as one which
was upheld as sufficient in *Butler* v. *Beech*, 55 Cal. 28.   In
*Swift* v. *Occidental Mining Co.*, 141 Cal. 166 [74 Pac. 700],
cited by appellant, the criticism was that the court had not

found upon material issues and not that the conclusions of law were erroneous.

[8]    It is true that the conclusions of law did not direct a judgment for costs; however, the plaintiff was clearly entitled to his costs and a judgment which is lawful will not be reversed because of the fact that the conclusions of law were incomplete.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.