[Civ. No. 6294. First Appellate District, Division One.—December 18, 1928.]

C. E. COMER, Respondent, v. LOS ANGELES RAILWAY CORPORATION, Appellant.

546

Gibson, Dunn & Crutcher and Norman S. Sterry for Appellant.

E. B. Drake for Respondent.

KNIGHT, J.—Respondent, while driving an automobile on one of the streets in Los Angeles, collided with a broken trolley wire of the appellant company, sustaining injuries to himself and damage to his automobile. Thereupon he brought this action for damages and upon trial before a jury was awarded a verdict, but the judgment entered thereon was reversed on appeal because of erroneous instructions. (*Comer* v. *Los Angeles Ry. Corp.*, 66 Cal. App. 219 [225 Pac. 869].) The action was then tried before the court sitting without a jury, and judgment was again rendered in respondent's favor and the company again appealed.

The material facts surrounding the accident were as follows: During the early part of the month of January, about 6:35 o'clock in the evening, appellant's trolley wire, suspended above its south-bound track on Vermont Avenue, broke at a point some distance south of the intersection of Vermont Avenue and Tenth Street, just after the car had passed under it, and a considerable portion of it fell between the tracks. It was already dark, the lights were lit, and there was considerable traffic on the street at the time. When the trolley wire broke and fell, the car stopped; and while the motorman was adjusting the trolley pole attached to the top of the car and trying to sweep the wire free from the rails the conductor was endeavoring to give warning to drivers of approaching vehicles. The wire sputtered around for a while and finally became welded to the easterly rail of the south-bound track. Respondent drove along

a few minutes after the wire broke, traveling in a southerly direction and in the regular traveled portion of the street. He saw the car, but there being no crossing where it had stopped, paid little attention to it, intending to pass it on the right-hand side. He testified that he was traveling between fifteen and twenty miles an hour, when suddenly he saw a man, who afterwards proved to be the conductor, jump out in the street directly in the pathway of his machine, that he believed the man was hailing him for a ride, but being in a hurry and having some money on his person he concluded not to stop; and that in order to avoid hitting the man he turned suddenly to the left and drove directly into the wire which, he testified, he had not seen at any time before striking it. When the machine came in contact with the wire there was a flash, followed by flames and sparks, and in some manner respondent was thrown or jumped from his automobile to the pavement, and besides sustaining severe shock, his ankle was broken and his automobile damaged.

No point is made by appellant on this appeal as to its own negligence, it being conceded that the evidence adduced at both trials is substantially the same on all issues, and that therefore, under the law as declared by the decision on the former appeal, the evidence here is unquestionably sufficient to support the trial court's affirmative finding on that issue.

However, appellant assails the form and sufficiency of the trial court's findings herein determining the issue of contributory negligence, and also the sufficiency of the evidence to support those portions of the findings. With respect thereto the state of the record is as follows: In paragraph IX of the second amended answer appellant pleaded contributory negligence as an affirmative defense, it being alleged therein "that after its said trolley wire broke the same came in contact with the rail of the said car track and caused a short circuit, which in turn caused the said wire to become heated and brightly illumined, and the same could have been seen by the said plaintiff or any other person passing along Vermont Avenue who was exercising any care or caution; . . . that the said contact with the said wire was due to the utter failure upon the part of said plaintiff to exercise ordinary, or any care, for his own

safety, and his entire disregard of the warnings of said conductor."

In determining the truth of said allegations the trial court found, in paragraph 10 of its findings, as follows: "That it is true that the trolley wire broke and came in contact with the rail of the car track and caused a short circuit which in turn caused said wire to become heated and illumined," but that it is not true that the conductor gave warning of the broken wire, "nor is it true that the said contact with the said wire by plaintiff's automobile was due to the utter failure, or any failure, upon the part of said plaintiff to exercise ordinary, or any care, for his own safety, or his entire disregard of the warnings of said conductor; and the court further finds that it is not true that the injuries and damages found herein, and which resulted proximately from said accident, were directly, proximately, and concurrently, or either or at all, contributed to by the fault, carelessness and negligence, or either, of the said plaintiff, but, on the contrary, the court finds that the plaintiff was not guilty of contributory negligence, or any negligence, as alleged in the separate defense in paragraph IX of the second amended answer to the complaint, but, on the contrary, that the negligence of the defendant as found herein in paragraph 9 was and is the sole proximate cause of the injuries and damage to the plaintiff, as found herein."

Appellant interprets the decision on the former appeal as holding that if the broken wire was lighted sufficiently so that it could have been seen with ordinary care, respondent was guilty of contributory negligence; and that whether it was so lighted was a question of fact for the determination of the trial court or jury; and basing its argument on the foregoing construction appellant contends that a fair and reasonable interpretation of the word "illumined" as used in said findings, is that the wire was sufficiently lighted so that it could have been easily seen, and that therefore said finding is in conflict with and contrary to the general finding of the trial court that respondent was not guilty of contributory negligence; and it further contends that if such be not the reasonable interpretation of the word "illumined" as used in said finding, then there was a failure to find upon a material question of fact presented by the plea

of contributory negligence, that is, as to whether or not said wire was lighted sufficiently so that it could have been seen with the exercise of ordinary care. We find no merit in either point.

In our opinion the plain meaning and effect of the trial court's findings as a whole, as set forth in paragraph 10 thereof, a portion of which is hereinabove quoted, is that the wire was not sufficiently illuminated so that it could have been easily seen with ordinary care; and we believe that such meaning is emphasized by the fact that, in addition to having negatived allegations of specific acts of contributory negligence as pleaded by appellant, the trial court made a general and ultimate finding to the effect "that plaintiff was not guilty of contributory negligence or any negligence, as alleged in the separate defense in paragraph IX of the second amended answer to the complaint," which necessarily negatived the specific allegation contained in said paragraph IX to the effect that "said broken wire could have been seen by said plaintiff or any other person passing along Vermont avenue who was exercising any care or caution."

The established rule is that all the findings are to be read together, and liberally construed in support of the judgment; and if possible are to be so reconciled as to prevent any conflict on material points (*Neher* v. *Kauffman,* 197 Cal. 674 [242 Pac. 713]; *Goodwin* v. *Snyder,* 70 Cal. App. 98 [232 Pac. 763); and the law is also well settled that in reviewing the sufficiency of findings the ultimate facts found which are in themselves sufficient to support the judgment will be deemed controlling, and may not be overcome by findings of mere probative facts, which are not shown by the findings to be the only facts proved, and from which alone the court finds the ultimate facts (2 Cal. Jur., p. 872, and cases cited; *Enterprise Foundry Co.* v. *Polly,* 73 Cal. App. 225 [238 Pac. 722]; *Culver* v. *Miller,* 54 Cal. App. 545 [202 Pac. 338]; *Snearly* v. *Hiestand,* 50 Cal. App. 393 [195 Pac. 272]); also that the reviewing court is entitled to draw necessary inferences from the findings to support the judgment (*Lomita Land & Water Co.* v. *Robinson,* 154 Cal. 36 [18 L. R. A. (N. S.) 1106, 97 Pac. 10]; *Hulen* v. *Stuart,* 191 Cal. 562 [217 Pac. 750]).

Applying the legal rules above set forth to the

findings in the present case, it is obvious that they are sufficient to sustain the judgment. � Moreover, as said in *Hulen* v. *Stuart, supra:* "From the facts found, and from the judgment ordered, it is evident, in the light of the entire record, that if more complete findings had been made they would have been adverse to the contention of the appellant. If that be so, the failure to find further is not a ground for the reversal of the judgment (*Krasky* v. *Wollpert,* 134 Cal. 338, 342 [66 Pac. 309])."

▄ Further contention is made by appellant that in any event the ultimate finding of the trial court as to the alleged contributory negligence of the respondent is unsupported by the established facts. The evidence relating to this issue was summarized by the decision rendered on the former appeal as follows: "After the wire fell it sputtered and squirmed around, subsequently becoming welded to a rail of the track, and there was testimony that it got very hot, first turning red, then white. The conductor testified that it was five or six minutes from the time his car first went dark and he discovered the broken wire until respondent's accident; that until the accident happened he had not looked up at the wire, but that there was a reflection on the pavement, and he was conscious of a glow; other witnesses testified to having seen light from the wire before the collision, while still others said that it did not extend far along the wire, and that there was not much light given off. Respondent stated positively that it did not give off any light, and that he did not know the wire was down until he struck it with his machine when 'everything lit up.'" And, in passing upon the sufficiency of such evidence, the court said: "We do not agree with appellant's contention that the court erred in refusing to grant its motion for nonsuit, or to give the peremptory instruction directing a verdict for defendant. . . . In view of the contradictory testimony above outlined, we are not at liberty to say that the evidence of contributory negligence was 'conclusive,' since there was evidence tending to show that the plaintiff was not negligent." (Citing authorities.)

On the present appeal appellant concedes that "the testimony on all issues is substantially the same as given at the former trial, except that the defendant produced an additional witness who had not been found at the former

trial, a Mr. Rogers, but his testimony added nothing so far as the legal questions are concerned, simply tending to corroborate the evidence already commented on, showing that the wire was at a white heat''; and that being so, we find no reason to disagree with the conclusion reached on the former appeal as to this point.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 17, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1929.

All the Justices concurred.