## BEVERLY v. RICHARDS.

1. FRAUD—RESCISSION—TENDER—DIVIDENDS—DAMAGES.

   Tender of dividends received by purchaser of corporate stock was not necessary before action to recover purchase price on rescission for fraud, but dividends so received should have been considered in reduction of damages.

2. ACTION—INCONSISTENT THEORIES—FRAUD.

   Purchaser's claim that seller of corporate stock promised to purchase it back is inconsistent with claim that he induced said purchase by fraud, and therefore purchaser could not recover on both theories.

3. FRAUDS, STATUTE OF—CONSIDERATION—PROMISE TO REPURCHASE—SINGLE TRANSACTION.

   Where seller of corporate stock promises purchaser to repurchase, transaction is single, and there is sufficient consideration to take promise out of statute of frauds.

4. CORPORATIONS—PRESIDENT'S PROMISE TO REPURCHASE STOCK BINDING.

   Where president of corporation promised to repurchase stock sold, and money came to him, consideration was present and promise is binding on him, although stock belonged to corporation and was held by him as security.

5. SAME—PROMISE TO REPURCHASE—REASONABLE TIME—LIMITATION OF ACTIONS.

   Buyer's option to demand that seller of corporate stock repurchase same must be exercised within reasonable time, not exceeding period fixed by statute of limitations, where no time was fixed by parties.

6. SAME—UNREASONABLE DELAY.

   Buyer's demand that seller of corporate stock repurchase same according to promise, where delayed more than six years, was not made within reasonable time.

7. FRAUD—CORPORATIONS.

   Representations made in sale of corporate stock, *held*, not shown to be fraudulent.

8. SAME—REPRESENTATION OF LAW.

Representation by seller that preferred stock came ahead of everything is representation of law, and, while incorrect, purchaser was not harmed thereby.

9. SAME—REPRESENTATIONS SUBSEQUENT TO SALE.

Representation by seller of corporate stock, made subsequent to sale, that consolidation of companies was merely change in name, did not relate back to alleged fraud in sale of original stock.

10. SAME—KNOWLEDGE CONTRARY TO REPRESENTATION.

Fraud is not perpetrated upon one who has full knowledge to the contrary of representation.

11. SAME.

Purchaser of corporate stock who had knowledge of consolidation of five corporations, in one only of which she held stock, is in no position to allege fraud based on seller's representation that consolidation was merely change in name.

12. CORPORATIONS—RESCISSION—TENDER.

Purchaser of corporate stock, who voluntarily exchanged same for stock in consolidated company, could not, after lapse of six years, rescind purchase of original stock by tendering to seller stock in consolidated company.

Appeal from Kent; Brown (William B.), J. Submitted September 3, 1931. (Docket No. 103, Calendar No. 35,796.) Decided October 5, 1931. Rehearing denied March 3, 1932.

Case by Harriet Beverly against Glendon A. Richards for fraud in the sale of corporate stock. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*McAllister & McAllister,* for plaintiff.

*Joseph R. Gillard* (*George S. Baldwin,* of counsel), for defendant.

WIEST, J. In July, 1923, plaintiff had $3,300, which she wanted to safely invest and so informed

her friend, defendant herein. Defendant was president of the Richards Storage Company, had loaned the company $10,000 for building purposes and received a certificate for shares of preferred stock to that amount, which he held as security. Plaintiff claims that defendant induced her to invest in shares of preferred stock of that company by representing that it was perfectly safe, came ahead of everything, the buildings more than covered it, would pay seven per cent. dividends, which she could have quarterly, and, if the company did not so pay the dividends, he would pay the same, and she could have her money back any time she wanted it. Plaintiff purchased shares of stock from the company, but selected by the company out of shares held by defendant on account of the mentioned loan, and defendant received from the company the $3,300 paid by plaintiff. For nearly three years thereafter plaintiff received the promised dividends from the company.

In December, 1925, the Richards Storage Corporation was organized. That company was a merger or consolidation of the Richards Storage Company, in which plaintiff held stock, and four other storage companies, in which she held no stock. The consolidation was authorized without dissent by the stockholders of the Richards Storage Company, after full notice of the purpose intended, and plaintiff was content therewith, surrendered her stock in the Richards Storage Company for an equal number of shares in the Richards Storage Corporation, but claims that she so acted upon the representation of defendant that it was the same company with only a change in name. It is inconceivable that she was so misled, for she must have been aware by notice of the purpose that four other companies were to be consolidated with the Richards Storage Company.

Plaintiff received two dividends on her holdings in the Richards Storage Corporation. Thereafter that company paid no dividends, and for some time defendant paid her the equivalent of dividends out of his own funds, but, February 7, 1930, sent her the following letter:

"Enclosed please find my check for $57.75, being the balance of the amount the Richards Storage Corp., owes you on your 1929 dividend, but paid by me individually.

"Since receiving your letter of the 5th instant, and giving the same very careful consideration, I have decided to withdraw any verbal promise I have made you regarding my future actions concerning dividends."

Thereupon plaintiff tendered defendant her certificates of stock in the Richards Storage Corporation, and, asserting rescission thus accomplished, and averring false and fraudulent representations and also a promise to refund her money, brought this suit and had verdict and judgment for $3,300. Defendant prosecutes review.

The circuit judge instructed the jury that, if there were misrepresentations made and afterwards learned by plaintiff to be false and she rescinded the contract and acted with reasonable promptness, she could recover the $3,300 paid for the stock. This was error.

Plaintiff received dividends from the Richards Storage Company and from the Richards Storage Corporation to the amount of several hundred dollars, and, while it was not necessary to tender to defendant such dividends before suit, the same should have been considered in reduction of plaintiff's damages. *Stowe* v. *Mather,* 247 Mich. 329; *Marten* v. *Burns Wine Co.,* 99 Cal. 355 (33 Pac.

1107). See, also, *Loomis* v. *Pease,* 234 Mass. 101 (125 N. E. 177); *Marr* v. *Tumulty,* 228 App. Div. 559 (240 N. Y. Supp. 328).

The court also instructed the jury:

"There is another theory in this case that I have already explained. She says that he told her that she was taking no chances, that she would get seven per cent. interest on her money, and then if she wanted her money back any time, he would pay it back. Then she is entitled to recover if you find she has established her claims by a preponderance of the evidence. If you find she has not established her claims in this regard, then, of course, she is not entitled to recover. You may take this case, ladies and gentlemen of the jury, and decide whether the plaintiff is entitled to recover on either one or both theories. She may recover on either one of these theories by a preponderance of the evidence, or she may recover on both theories by a preponderance of the evidence."

This was error.

The right to recover upon the promise of defendant to purchase was one entirely apart from fraud inducing purchase of the stock, and recovery upon defendant's promise to purchase would constitute waiver of the claim for fraud. There could be no verdict for plaintiff upon both claims, for one was entirely inconsistent with the other. There is further difficulty, however.

There is no merit in defendant's claim of want of consideration for the promise to repurchase the stock. Authorities are to the effect that, where one sells stock and promises the purchaser to repurchase, the transaction is single and there is a sufficient consideration to take the promise out of the statute of frauds.

Defendant claims that the purchase was made of the corporation, and, therefore, no consideration

passed to him. If defendant made the promise in order to induce the purchase that he might obtain the money for stock held by him, the consideration was present, and the fact that the issue was by the company out of stock held by him and the money came to him made the promise binding. *Hankwitz* v. *Barrett,* 143 Wis. 639 (128 N. W. 430); *Griffin* v. *Bankers Realty Investment Co.,* 105 Neb. 419 (181 N. W. 169).

The agreement of defendant to purchase plaintiff's stock accorded her the option to demand performance, but this had to be exercised within a reasonable time, there being no time fixed by the parties, and, to say the least, such time could not exceed the period fixed by the statute of limitations (3 Comp. Laws 1929, § 13976). This option did not at all depend upon plaintiff's discovery of fraud. The promise was made in 1923, at least so far as carrying any consideration, and a demand was not made until 1930. More than six years elapsed, and, in point of law, the demand was not made within a reasonable time. See *Zecha* v. *Citizens' State Bank,* 117 Kan. 287 (230 Pac. 1058); *Wright* v. *Berger,* 114 N. Y. Supp. 912; *McNeely* v. *Bookmyer,* 292 Pa. 12 (140 Atl. 542).

Were the claimed representations shown to be false in point of fact? Was it at the time of the purchase in 1923 not "perfectly safe" to make the investment? There was no showing that the company was then, or up to the time of consolidation with four other companies, insolvent or its stock worth less than par. Was it false to represent that the company would pay seven per cent. dividends which plaintiff could have quarterly? It did pay such dividends, and plaintiff received the same in quarterly installments up until the consolidation. Was the preferred stock more than covered by the

"value of the buildings?" There was no proof relative to the value of the buildings. The representation that the preferred stock came ahead of everything was not one of fact but of law. As a matter of law it was incorrect, but plaintiff was not harmed thereby.

The representation, claimed to have been made, that the consolidation of the companies was but a change in name of the company in which plaintiff held stock did not relate back to the fraud she alleged in inducing her to purchase the original stock, and, besides, fraud is not perpetrated upon one who has full knowledge to the contrary of a representation. Plaintiff knew that the consolidation was of five corporations, in one only of which she held stock. This information came to her in the notice of the purpose of the consolidation, and she is in no position to now assert the contrary understanding. Plaintiff voluntarily exchanged her stock in the Richards Storage Company for stock to an equal amount in the Richards Storage Corporation. This she did after holding her stock in the Richards Storage Company and receiving dividends thereon for three years. She accepted two dividends paid by the Richards Storage Corporation, and, after the lapse of over six years, she could not rescind her purchase of stock in the Richards Storage Company by tendering defendant the stock of the Richards Storage Corporation.

Defendant's motion for a directed verdict should have been granted. Plaintiff made no case. The judgment in the circuit is reversed, with costs, and the case remanded to the circuit with direction to enter judgment for defendant.

Butzel, C. J., and Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.